UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN MARTIN,

      Plaintiff,                      CIVIL ACTION NO. 07-11734

v.                                    DISTRICT JUDGE DAVID LAWSON
                                         MAGISTRATE JUDGE DONALD A. SCHEER

PATRICIA CARUSO, et.al.,

      Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The Complaint should be dismissed due to plaintiff's failure to exhaust available administrative remedies.

\*     \*     \*

Plaintiff, while incarcerated at the Mound Correctional Facility (NRF),[1] in Detroit, Michigan filed the instant Amended Complaint, pursuant to 42 U.S.C. § 1983, on April 19, 2007, against sixteen Michigan Department of Corrections (MDOC) employees alleging that they had been deliberately indifferent to his serious medical needs. Claiming violations of his Eighth Amendment rights under the federal Constitution, Plaintiff sought injunctive relief as well as compensatory and punitive damages. For reasons stated below, the Court should dismiss the Complaint without prejudice for failure to exhaust administrative remedies.

---

[1] Plaintiff is currently incarcerated at the Michigan Reformatory, 1342 W. Main Street, Ionia, Michigan 48846.

EXHAUSTION OF REMEDIES

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

In the recent case of Jones v. Bock, 549 U.S. ___, 127 S.Ct. 910 (2007), the Supreme Court explained that lack of exhaustion is an affirmative defense that must be raised by the defendants. The Bock Court reiterated that an inmate's failure to comply with the PLRA's exhaustion requirement deprives the district court of the ability to address the merits the prisoner's claims. The Court is required to dismiss "unexhausted" claims without prejudice. Id. at 922.

Defendants Caruso, Pramstaller, Lane, Ireland, Douglas, Russell-Winston and Stone moved for dismissal on September 4, 2007, arguing that Plaintiff had not exhausted his administrative remedies against any of the defendants named in the Complaint. Defendant Piper moved for dismissal on September 21, 2007, on the same ground.

Plaintiff has not filed a response to Defendants' Motion to Dismiss, even though he was given ample opportunity to do so. Plaintiff was originally given until October 15, 2007, to file a response (Docket #28). After Plaintiff filed a Motion for extension of time (Docket # 31), he was given until December 3, 2007, to file his response to Defendants' respective

Motions to Dismiss for lack of exhaustion (Docket #32). No response has been filed to date.

In order to properly exhaust administrative remedies under the PLRA, a prisoner must comply with the State's procedures regarding inmate grievance filings. Woodford v. Ngo, 528 U.S.___126 S.Ct. 2378, 2388 (2006). The prison's requirements define the boundaries of proper exhaustion, and proper exhaustion means using all steps the agency holds out and following them faithfully. Jones v. Bock, 127 S.Ct. at 923.

Defendants have raised exhaustion as an affirmative defense, and have moved to dismiss on that basis. Plaintiff has failed to demonstrate that he pursued grievances against the defendants at all levels of administrative review, and he has failed to show that he was precluded from doing so. As a result, the Complaint should be dismissed, without prejudice, on the basis of Plaintiff's failure to exhaust administrative remedies.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Lawson's acceptance thereof is waived.

        s/Donald A. Scheer
        DONALD A. SCHEER
        UNITED STATES MAGISTRATE JUDGE

DATED: December 14, 2007
_____

**CERTIFICATE OF SERVICE**

I hereby certify on December 14, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 14, 2007. **Melvin Martin.**

        s/Michael E. Lang
        Deputy Clerk to
        Magistrate Judge Donald A. Scheer
        (313) 234-5217